PER CURIAM:
**236 By order of the Disciplinary Hearing Commission of the North Carolina State Bar dated August 14, 2008, respondent was suspended from the practice of law in North Carolina for five years.[1] N.C. State Bar v. Erickson , 07 DHC 17 (N.C. State Bar Disciplinary Hearing Comm'n filed Aug. 14, 2008). Respondent, who was also licensed in South Carolina at the time of his North Carolina suspension, failed to notify the Commission on Lawyer Conduct in writing of his suspension as required by Rule 29(a), RLDE, Rule 413, SCACR.
Following his five-year suspension, respondent was reinstated in North Carolina on October 25, 2013. After being reinstated in North Carolina, respondent, believing he had been reciprocally suspended in South Carolina since 2008, contacted this Court to inquire about obtaining reinstatement in South **237 Carolina. This contact led to the belated discovery of respondent's North Carolina suspension.
We find reciprocal suspension from the practice of law in South Carolina for five years is appropriate in this matter. However, we order the reciprocal suspension be retroactively applied from the date of respondent's North Carolina suspension.
RECIPROCAL SUSPENSION.
BEATTY, C.J., KITTREDGE, FEW and JAMES, JJ., concur. HEARN, J., concurring in part and dissenting in part.
While I agree with the imposition of a suspension, I would not apply the suspension retroactively from the date of respondent's North Carolina suspension.

According to the order of discipline, respondent represented multiple North Carolina clients in 2003 and 2004 whom he knew to be participating in fraudulent mortgage-elimination and debt-elimination schemes. In relation to these schemes, respondent provided improper legal advice, made knowingly false and misleading statements in court, filed documents he knew to be fraudulent, and advanced fraudulent and frivolous legal arguments which relied on fraudulent documents, all with the intent to mislead various courts. The chair of the North Carolina Disciplinary Hearing Commission stated respondent's conduct caused "significant harm and significant potential harm to clients, to the legal profession, to the administration of justice, and to the public."